COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


GLORIA GAYLE ELKINS

                                          MEMORANDUM OPINION*
v.    Record No. 1878-98-3                    PER CURIAM
                                           JANUARY 26, 1999
DEPARTMENT OF SOCIAL SERVICES
 FOR THE COUNTY OF CAMPBELL


              FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
                    J. Samuel Johnston, Jr., Judge

              (Grady W. Donaldson, Jr.; Schenkel &
              Donaldson, on brief), for appellant.

              (David W. Shreve, County Attorney, on brief),
              for appellee.

              (Aubrey J. Rosser, Jr., on brief), Guardian
              ad litem for infant children.



     Gloria Gayle Elkins appeals the decision of the circuit

court terminating her parental rights to her five children.

Elkins contends that the Department of Social Services for the

County of Campbell failed to present clear and convincing

evidence sufficient to meet the requirements of Code § 16.1-283.

 Upon reviewing the record and briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the decision of the trial court.  See Rule 5A:27.

     "When addressing matters concerning a child, including the

termination of a parent's residual parental rights, the paramount

consideration of a trial court is the child's best interests."

_____

        *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

Logan v. Fairfax County Dep't of Human Development, 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).  "Code § 16.1-283 embodies 'the statutory scheme for the . . . termination of residual parental rights in this Commonwealth' [which] . . . 'provides detailed procedures designed to protect the rights of the parents and their child,' balancing their interests while seeking to preserve the family."  Lecky v. Reed, 20 Va. App. 306, 311, 456 S.E.2d 538, 540 (1995) (citations omitted).  "'In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests.'"  Logan, 13 Va. App. at 128, 409 S.E.2d at 463 (citation omitted).  The trial judge's findings, "'when based on evidence heard ore tenus, will not be disturbed on appeal unless plainly wrong or without evidence to support it.'"  Id. (citation omitted).

### Code § 16.1-283(B)

Under Code § 16.1-283(B), parental rights to a child found to be neglected or abused and placed in foster care may be terminated if the trial judge finds, by clear and convincing evidence, that termination is in the child's best interests and that:

> 1.  The neglect or abuse suffered by such child presented a serious and substantial threat to his life, health, or development; and
> 2.  It is not reasonably likely that the conditions which resulted in such neglect or abuse can be substantially corrected or eliminated so as to allow the child's safe return to his parent . . . within a

reasonable period of time.

The statute allows proof of the following circumstances to constitute prima facie evidence of the conditions set out in subdivision (B)(2):

> a. The parent . . . [is] suffering from a mental or emotional illness or mental deficiency of such severity that there is no reasonable expectation that such parent will be able to undertake responsibility for the care needed by the child in accordance with his age and stage of development; [or]
>
>       *       *       *       *       *       *       *
>
> c. The parent . . ., without good cause, [has] not responded to or followed through with appropriate, available and reasonable rehabilitative efforts on the part of social, medical, mental health or other rehabilitative agencies designed to reduce, eliminate or prevent the neglect or abuse of the child.

Code § 16.1-283(B)(2).

The trial judge found clear and convincing evidence that termination of Elkins' parental rights was in the best interests of the children, that the children were neglected and placed in foster care by court commitment, that the neglect presented a serious and substantial threat to the lives, health, and development of the children, and that it was not reasonably likely the neglect could be substantially corrected or eliminated to allow the children's safe return to Elkins. The trial judge also found that Elkins suffered from a mental or emotional illness or mental deficiency of such severity that there was no reasonable expectation that she would be able to care for the

children and that Elkins failed, without good cause, to respond to the appropriate and available rehabilitative services offered.

> A psychological evaluation noted the following:
>> Elkins is not psychotic and not mentally retarded, but she is emotionally unstable and very limited in her intellectual resources, significantly lacking in parenting skills and emotional resources needed for effective parenting and probably not very open to improvement or change in part because of her rigidity and in part because of limited potential for learning.

The evidence further established that Elkins responded inappropriately to the majority of hypothetical situations requiring parental decision-making. Her responses indicated that she had "a great deal to learn about effective parenting and about safeguarding the welfare of any children in her custody."

Although Elkins received substantial assistance and education through the Department since 1985, and intensively since 1996, she failed to make significant improvement in her parenting skills or in her ability to provide her children with adequate housing and guidance. Despite the services provided, as set out in the Written Narrative Statement, Elkins was "unable to obtain stable employment, adequate housing or necessary skills to parent a child."

Based upon the evidence of Elkins' emotional and mental condition as it related to her ability to parent her children, we hold that the record supports the trial judge's finding that the Department presented clear and convincing evidence proving the

requirements of Code § 16.1-283(B)(2)(a).  The record also supports the trial judge's finding that the Department presented clear and convincing evidence proving the conditions of Code § 16.1-283(B)(2)(c).  Accordingly, the trial judge did not err in ruling that the Department proved the statutory requirements of Code § 16.1-283(B) by clear and convincing evidence.

Accordingly, the decision of the circuit judge is summarily affirmed.

<u>Affirmed</u>.